## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES FROELICH, M.D. and | * | |
| ALLISON FROELICH, Individually, | * | |
| and As Parents and Next Friends of | * | |
| JAMES "ANDY" FROELICH, JR. | * | CIVIL ACTION NO: 08-02 |
|     Plaintiffs | * | |
| | * | |
| | * | |
| VERSUS | * | SECTION: JJB |
| | * | |
| | * | |
| AURORA CORPORATION OF AMERICA | * | |
| and AURORA OFFICE EQUIPMENT | * | MAGISTRATE: SCR |
| LTD., SHAGHAI | * | |
|     Defendant | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT AURORA CORPORATION'S
### OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY

**NOW COMES** Aurora Corporation of America ("Aurora Corp."), through undersigned counsel, and files this Opposition to Plaintiffs' Motion to Compel Discovery [Doc. 41]. For the reasons that follow, Plaintiffs' Motion to Compel should be denied. A telephone status conference is set to take place on March 12, 2010 at 11:00 a.m. in the above-captioned matter.

**BACKGROUND and ARGUMENT**

On January 2, 2008, Plaintiffs James Froelich, M.D. and Allison Froelich filed the above-captioned matter individually and on behalf of their minor son, James "Andy" Froelich against Aurora Corp. On December 15, 2008, Plaintiffs amended their suit to add Aurora Office Equipment, Ltd., Shanghai ("AOE") as a defendant. Plaintiffs' suit relates to an accident which occurred on or about January 4, 2007 when Andy Froelich put his fingers in an Aurora AS1200X home paper

shredder which is alleged to have been distributed by Aurora Corp. and manufactured by AOE.

On April 28, 2008, Plaintiffs propounded a First Set of Interrogatories and Request for Production to Aurora Corp.  Attached as Exhibit "A" hereto.  On July 15, 2008, Aurora Corp. responded to Plaintiffs' first set of discovery.  Attached as Exhibits "B" and "C" hereto.  On October 13, 2008, counsel for Plaintiffs and defendants had a discovery conference, in person, and discussed Aurora Corp.'s discovery responses.  It was believed that there was an agreement on the scope of discovery at this time.  Thus, on November 13, 2008, Aurora Corp. supplemented its responses to Plaintiffs' first set of discovery.  Attached as Exhibits "D" and "E" hereto.  On October 8, 2009, Aurora Corp. again supplemented its response to Plaintiffs' First Request for Production.  Attached as Exhibit "F" hereto.  Aurora Corp.'s response included documents produced by AOE, in order to ensure that Plaintiffs had complete responses prior to the Rule 30(b)(6) deposition of Aurora Corp. which took place on October 14, 2009.

On February 9, 2010, Plaintiffs filed a Motion to Compel alleging that Aurora Corp.'s responses are incomplete and that Aurora Corp. has "not been cooperative or forthright in the discovery process."  First, Aurora Corp. has produced all relevant documents which are in its care, custody and control.  Plaintiffs' Requests seek documents which do not exist for reasons which Plaintiffs refuse to accept.  First, the subject paper shredder, Aurora model AS1200X, received its certification or "mark" from Underwriters Laboratories ("UL") on August 4, 2000 pursuant to UL Standard 60950-1[1] reflecting that AOE voluntarily submitted to and the AS1200X conformed with

---

[1] UL is an independent product safety certification organization that has been testing products and writing standards for safety for more than a century. UL evaluates more than 19,000 types of products, components, materials and systems annually with 20 billion UL marks appearing on 72,000 manufacturers' products each year. UL's companies and network of service providers includes 64 laboratory, testing and certification facilities serving customers in 98

UL's safety requirements and specifications. Aurora Corp. (and AOE) does not have documents going back to 2000 and before. Aurora Corp. last purchased AS1200X units from AOE in 2004. The last 2,784 units were sold to retailers in 2005. Second, as Linda Chen, Aurora Corp.'s corporate representative, explained at her October 14, 2009, deposition, there was a complete replacement in the management at Aurora Corp. in 2005. Thus, there is an absence of institutional knowledge, and documents, from prior to that time. Despite these facts, defendants have cooperated fully in the discovery process by giving all documents in their possession including documents relating to other claims on other model shredders, providing the deposition of Aurora Corp.'s corporate representative including testimony on other claims on other model shredders, providing the deposition of the President of Aurora Corp. set for March 23, 2010 and the deposition of AOE's corporate representative, Stan Chen, who is traveling from China to the United States to be deposed on March 24, 2010. Finally, Aurora Corp. has not produced documents in response to Plaintiffs' Requests for all documents relating to all other model shredders ever distributed as these Requests are clearly overbroad, unduly burdensome and irrelevant.

A.    **Aurora Corp.'s Objections Are Well Founded and Have Not Resulted in Withholding of Any Relevant Documents**

Plaintiffs have suggested to the Court that even though Aurora Corp. has responded to Plaintiffs' First Interrogatories and Requests for Production of Documents, the responses are insufficient because they contain objections. Aurora Corp. is entitled to maintain its reasonable objections. Indeed the Rules of Civil Procedure, and the Local Rules of this Court, require Aurora Corp. to state its objections or risk waiving them. Fed. R. Civ. P. 33(b)(4), Local Rule 33.2. As

---

countries.

evidenced by Exhibits "B," "C," "D," "E," and "F," Aurora Corp.'s objections are legitimate. Plaintiffs have made repetitive and overbroad inquiries and requests for documents. Plaintiffs discovery requests are unduly burdensome and harassing. Based on testimony elicited at the Rule 30(b)(6) deposition of Aurora Corp. which took place on October 14, 2009, it is further believed that these requests have been made in an effort to further other litigation unrelated to the above-captioned matter. Many of these document requests are related to Aurora shredder models other than the model in question in this litigation. Aurora Corp. has consistently maintained that these overbroad requests have no possible relevance to the particular factual situation before this Court. Moreover, this would involve production of documents and information relating to hundreds of models of home paper shredders making these requests overbroad and unduly burdensome. Notwithstanding their objections, Aurora Corp. has not withheld any relevant non-privileged documents from Plaintiffs. Accordingly, objections notwithstanding, Aurora Corp. has fully responded to Plaintiffs' discovery requests and there is simply no basis for Plaintiffs' Motion to Compel.

**B.    Aurora Corp.'s Individual Objections and Responses Are Well Founded**

Aurora Corp. addresses Plaintiffs' individual allegations as follows and in the same order set forth in Plaintiffs' Memorandum in Support:

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 6:**
All documents relating to any business relationship, contract or affiliation between you and any other entity involved in the production of the Aurora AS1200X relating to sale, manufacture, distribution, or design of the Aurora AS1200X paper shredder.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**
Aurora Corp. objects to Request for Production No. 6 on the basis that it is vague, overbroad, unduly burdensome, and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, without waiving the foregoing objections, Aurora Corp. states that there is no

4

contract between Aurora Corp. and Aurora Office Equipment Company, Ltd. Shanghai.

Plaintiffs' Request No. 6 is clearly objectionable on the bases that Aurora Corp. set forth in asking for *all documents* relating to *any business relationship, contract or affiliation* between you and any other entity involved in the production of the Aurora AS1200X. In their Motion, Plaintiffs' characterization of this Request makes it even more objectionable in stating that what they are asking for is "all documents related to *any* relationship Aurora Corp. may have with *any* entity involved in the production, manufacture, design, distribution, or sale of the AS1200X." Nonetheless, in an effort to cooperate, Aurora Corp. stated that there is no contract between Aurora Corp. as the distributor of the AS1200X and the manufacturer of the AS1200X. In their Motion, Plaintiffs fail to articulate how any information beyond this clear response is relevant particularly in light of the overly broad and unduly burdensome scope of the Request.

### REQUEST FOR PRODUCTION OF DOCUMENT NO.23:

Produce any and all contracts, agreements, or other documents reflecting business relationships or other agreements of any description or kind between Aurora and any other entity involved in the production of the AS1200X, including but not limited to any agreement between you and any other entity involved in the production of the AS1200X, for the purchase, sale, manufacture, design, or distribution of the Aurora AS1200X paper shredder, or any agreement between you and any other entity involved int eh production of the AS1200X in this action for indemnification or contribution arising from injuries or claims associated with Aurora shredders.

### OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

*See* Objection and Response to Request for Production No. 6.

Request No. 23 asks for the same information requested in request No. 6 evidencing a pattern of Plaintiffs in asking repeatedly for the same information.

### REQUEST FOR PRODUCTION OF DOCUMENT NO. 25:

All documents between Aurora and any distributor(s) of the Aurora AS1200X relating in any way to the Aurora AS1200X paper shredder.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**
Aurora Corp. objects to Request for Production No. 25 on the basis that it is vague, overbroad, unduly burdensome and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. As such, it is incapable of being answered as written.

Request No. 25 is also objectionable. First, Aurora Corp. is the distributor, so it is unclear what plaintiffs intend. Nonetheless, it is assumed that Plaintiffs are requesting *all documents* Between Aurora Corp. and any retailer of the AS1200X. This Request is clearly overbroad, unduly burdensome and seeks irrelevant information. The potential universe of documents is endless. In their Motion, Plaintiffs do not articulate the scope or the relevance.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 7:**
All documents relating to any plans, decisions or activities to develop, design, manufacture, supply, distribute, or facilitate development, design, manufacturing, distribution, or supply of, the Aurora AS1200X paper shredder.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**
Aurora Corp. objects to Request for Production No. 7 on the basis that it is vague, overbroad, unduly burdensome, confusing and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. As such, it is incapable of being answered as written.

Request for Production No. 7 is clearly overbroad and seeks irrelevant evidence in seeking all documents relating to *any decisions or activities* to *develop, design, manufacture, supply, distribute or facilitate* these activities for the AS1200X. Nonetheless, Aurora Corp. has produced all responsive documents. Plaintiffs refuse to recognize that the AS1200X received its UL mark in August of 2000. Accordingly, they are asking for documents from ten years ago which simply do not exist.

**REQUEST FOR PRODUCTION OF DOCUMENT NO.29:**
All documents relating to any drawings, schematics, design criteria, or other engineering drawing relating to the Aurora AS1200X paper shredder or any component of it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**
Please see the enclosed. Aurora Corp. further states that it will supplement its Response to Interrogatory No. 29 if and when additional documents are discovered which are responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**
Please see Response to Requests for Production of Documents of Aurora Office Equipment Company, Ltd.

Aurora Corp.'s original response included documents responsive to Plaintiffs' Request. As promised, Aurora Corp. supplemented its Responses to Plaintiffs 1st Request for Production a second time on October 8, 2009, in order that Plaintiffs had all responsive documents prior to the Rule 30(b)(6) deposition of Aurora Corp. Included in this supplemental response were documents Bates labeled Aurora Office Equipment 0001 through 0086. These documents were identified by category. All documents responsive to Request No. 29 have been produced.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 10:**
Produce all testing protocol, testing standards, testing results, or test reports in your possession, custody or control concerning safety testing conducted on the Aurora AS1200X paper shredder or any of its components.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**
Aurora Corp. objects to Request for Production No. 10 on the basis that it is vague, overbroad, unduly burdensome and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, without waiving the foregoing objections, Aurora Corp. states that it will supplement its Response to Request for Production No. 10 if and when documents are discovered relating to testing protocol, testing standards, testing results, or test reports in Aurora Corp.'s possession, custody or control concerning safety testing conducted the AS1200X.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**
Aurora Corp. objects to Request for Production No. 10 on the basis that it is vague, overbroad, unduly burdensome and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, without waiving the foregoing objections, please see Response to Requests for Production of

Documents of Aurora Office Equipment Company, Ltd.

## REQUEST FOR PRODUCTION OF DOCUMENT NO. 16
Produce any and all correspondence, reports, letter, correspondence and any and all documents, pertaining, in any way to testing the Aurora AS1200X paper shredder for access to the shredder blades, for child safety, or for hazards particular to use in a home environment.

## OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 16
Aurora Corp. objects to Request for Production No. 14 on the basis that it is vague, overbroad, unduly burdensome and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, without waiving the foregoing objections, Aurora Corp. states that it will supplement its Response to Request for Production No. 16 if and when documents are discovered reflecting tests performed on the AS1200X which are responsive to this Request for Production.

## SUPPLEMENTAL OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 16
Aurora Corp. objects to Request for Production No. 16 on the basis that it is vague, overbroad, unduly burdensone and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, without waiving the foregoing objections, please see Response to Requests for Production of Documents of Aurora Office Equipment Company, Ltd.

## REQUEST FOR PRODUCTION OF DOCUMENT NO. 20:
Produce all Aurora AS1200X paper shredder test reports, evaluations, or other documentation wherein a test finger was used, or where an enclosure push test was performed upon that machine at any time before or after the product became available to consumers.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:
In response to Request for Production No. 20 Aurora Corp. states it will supplement its Answer to Request for Production No. 20 if and when paper shredder test reports, evaluations, or other documentation are discovered which are responsive to this Request.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:
Please see Response to Requests for Production of Documents of Aurora Office Equipment Company, Ltd.

In Response to Requests for Production Nos. 10, 16 and 20, Aurora Corp. properly preserved

its objections and with its Supplemental Response produced documents from AOE Bates labeled

Aurora Office Equipment 0001 through 0086.  These documents were identified by category.  All

documents responsive to Requests No. 10, 16 and 20 have been produced.

**INTERROGATORY NO.3:**

Have you, or any business owned, operated or controlled by you, ever filed
or been a party to any other lawsuit brought by or against any other entity or person
for negligence, strict product liability, breach of warranty or any other tort arising out
of defective design or manufacturer or failure to warn associated with injuries caused
by the shredding blades of a Aurora brand paper shredder, or injuries caused by in the
same manner as alleged by the Plaintiff in this case? If so, state the court in which
filed, the year filed and the title and docket number of the case, and all parties to such
suit.

**OBJECTIONS AND ANSWER TO INTERROGATORY NO. 3:**
Aurora Corp. objects to Interrogatory No. 3 on the basis that it is vague,
overbroad and seeks information which is not reasonably calculated to lead to the
discovery of admissible evidence.  Nonetheless, without waiving the forgoing
objection, Aurora Corp. states that to the best of its knowledge there have been no
other personal injury lawsuits relative to Aurora Model No. AS1200X other than the
above-captioned matter.

**INTERROGATORY NO.3:**
Have you, or any business owned, operated or controlled by you, ever filed
or been a party to any other lawsuit brought by or against any other entity or person
for negligence, strict product liability, breach of warranty or any other tort arising out
of defective design or manufacturer or failure to warn associated with injuries caused
by the shredding blades of a Aurora brand paper shredder, or injuries caused by in the
same manner as alleged by the Plaintiff in this case? If so, state the court in which
filed, the year filed and the title and docket number of the case, and all parties to such
suit.

**SUPPLEMENTAL OBJECTIONS AND ANSWER TO INTERROGATORY
NO. 3:**
Aurora Corp. objects to Interrogatory No. 3 on the basis that it is vague,
overbroad and seeks information which is not reasonably calculated to lead to the
discovery of admissible evidence.  Nonetheless, without waiving the forgoing
objection, Aurora Corp. states that it is aware of a lawsuit filed relative to model
AS1010X entitled *Rollins v. Antoon, et al*, No. 2004-71322, 151st Judicial District for
Harris County, State of Texas.

After an in person discovery conference on October 13, 2008, Aurora Corp. agreed that evidence of other lawsuits is discoverable and agreed to produce this information. Thus, Aurora Corp.'s supplemented its Answers to Interrogatories on November 13, 2008. Subsequently, additional information was obtained regarding other suits involving other models about which Aurora Corp.'s corporate designee openly testified about on October 14, 2009.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 19:**
Produce all complaints and/r petitions, filed against or delivered to this Defendant alleging property damage or personal injuries sustained as a result fingers, hands, body parts, or other items entering the paper inlet opening and reaching the shredder blades or other moving parts of the relating to the Aurora AS1200X or any Aurora shredder sold for home or home office use or having a shredding capacity of 20 pages or less.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**
Aurora Corp. objects to Request for Production No. 19 on the basis that it is vague, overbroad, unduly burdensome and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, without waiving the foregoing objections, Aurora Corp. states that to the best of its knowledge there have been no property damage and no other personal injury lawsuits relative to Aurora Model No. AS1200X other than the above-captioned matter. Accordingly, it has no non-objectionable documents which are response to this Request.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**
Aurora Corp. objects to Request for Production No. 19 on the basis that it is vague, overbroad, unduly burdensome and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Aurora Corp. states that to the best of its knowledge there have been no property damage and no other personal injury lawsuits relative to Aurora Model No. AS1200X other than the above-captioned matter. Nonetheless, without waiving the foregoing objections, please see the enclosed correspondence from the U.S. Consumer Product Safety Commission relative to other models not at issue in the above-captioned litigation, the AS1000X. Also enclosed is a copy of Response of Defendant Aurora Corporation of America to Plaintiff's First Set of Special Interrogatories in the matter entitled *Morales v. Wal-Mart, et al.* also involving a model not at issue in the above-captioned litigation.

Aurora Corp. has produced all documents in its possession relating to other personal injury lawsuits for damages "sustained as a result fingers, hands, body parts, or other items entering the paper inlet opening and reaching the shredder blades or other moving parts."

**INTERROGATORY NO.5:**

Have you, prior to or since the date of the incident described in the Petition, become aware of dangers, hazards, defect, or defective conditions concerning the paper inlet opening, the shredder blades, the plastic housing surrounding the inlet opening, or any failure to design a shredder product to prevent finger access to the shredder blades relating to the AS1200X, or any other Aurora shredder advertised or intended for home use, or with a shredding capacity of less than 20 sheets? If so, please state:

     a.     The nature of each such danger, hazard, defect or defective condition;

     b.     When you became aware of it;

     c.     Whether you ever warned anyone of such danger, hazard, defect or defective condition, and if so, the nature of the warning, the date of the warning and to whom each such warning was given.

**OBJECTIONS AND ANSWER TO INTERROGATORY NO. 5:**

Aurora Corp. objects to Interrogatory No. 5 on the basis that it is vague, overbroad, unduly burdensome and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, without waiving the foregoing objections, Aurora Corp. states that it has never been made aware of any defects or defective conditions relative to the AS1200X. Aurora Corp. provided warnings to consumers of the dangers and hazards associated with the inherent and necessary characteristics of the AS1200X during the reasonably anticipated use of same on the product itself and in the Operator Manual which accompanied the product. These warnings included, but are not limited to, the following: "DO NOT PLACE FINGERS TOO CLOSE TO THE FEED SLOT AS SERIOUS INJURY MAY OCCUR," "Keep out of reach of children and pets," "**Caution:** Cross cut shredders have very sharp, exposed blades on the underside," and "For safety reasons, we recommend that you leave the shredder on the Off position whenever the shredder is unattended or not in use."

**INTERROGATORY NO.7:**

State whether you or any of your officers, employees or any officers or employees of any of your subsidiary or parent corporations, during the 10 years prior to this law suit up to the present time, and continuing until the close of this action, authored or received from any source any communication or document (whether external or internal) that:

11

a.  Suggested that the design of the AS1200X, or any Aurora shredder with a capacity of 20 sheets or less subjected to users to danger or injury of fingers (child or adult) accessing, being pulled into, or being injured by the shredder blades, or suffered from a design defect, or a failure to warn associated with the paper inlet opening, the plastic housing surrounding the paper inlet opining, or the shredder blades.

b.  Relate to the prevention or reduction of accidents or injuries to children or adults by the shredder blades arising out of the use of Aurora paper shredders.

If so, for each communication, state:

a.  When and from who it was received, and if written, the date of the documents;

b.  What form it was in (whether written or oral);

c.  What person with your company received it or authored it;

d.  What specific substance of the complaint, suggestion, or communication was;

e.  The substance of any response thereto;

f.  The date and author of such response;

g.  What remedial action, if any, was taken and when and by whom it was taken;

## OBJECTIONS AND ANSWER TO INTERROGATORY NO. 7:

Aurora Corp. objects to Interrogatory No. 7 on the basis that it is vague, overbroad, unduly burdensome, confusing  and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  As such, it is incapable of being answered as written.

As stated in Aurora Corp.'s Answer, it is unaware of any defects or defective conditions relative to the AS1200X.  Nonetheless, Aurora Corp. provided information in its November 13, 2008 supplemental responses regarding an alleged accident relating to model AS1010X and a lawsuit entitled *Rollins v. Antoon, et al*, No. 2004-71322, 151st Judicial District for Harris County, State of Texas, and an alleged injury relating to model AS1000X to Jenna R. Gilbert.  Subsequently, additional information was obtained regarding claims involving the AS1000X about which Aurora Corp.'s corporate designee openly testified about on October 14, 2009.

12

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 17:**
Produce any and all documents pertaining, in any way, to any problems, changes, defects, modifications, design or warning involving the paper inlet opening or access to the shredder blades through that opening associated with the relating to the Aurora AS1200X or any Aurora shredder sold for home or home office use or having a shredding capacity of 20 pages or less.

**OBJECTION AND ANSWER TO REQUEST FOR PRODUCTION NO. 17**
Aurora Corp. objects to Request for Production No. 17 on the basis that it is vague, overbroad, unduly burdensone and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, without waiving the foregoing objections, Aurora Corp. states that it is unaware of any problems, changes, defects, modifications, design or warning involving the paper inlet opening or access to the shredder blades through that opening relative to Aurora Model No. AS1200X. Accordingly, it has no non-objectionable documents which are response to this Request.

**SUPPLEMENTAL OBJECTION AND ANSWER TO REQUEST FOR PRODUCTION NO. 17**
Aurora Corp. objects to Request for Production No. 17 on the basis that it is vague, overbroad, unduly burdensome and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Aurora Corp. states that it is unaware of any defects involving the paper inlet opening or access to the shredder blades through that opening relative to Aurora Model No. AS1200X. Nonetheless, without waiving the foregoing objections, please see Response to Requests for Production of Documents of Aurora Office Equipment Company, Ltd.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 18**
Produce all internal memoranda, correspondence, studies, tests, reports or other documentation or any nature, including computer entries, regarding injuries or property damage associated fingers, hands, body parts, or other items entering the paper inlet opening and reaching the shredder blades or other moving parts associated with the relating to the Aurora AS1200X or any Aurora shredder sold for home or home office use or having a shredding capacity of 20 pages or less.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**
Aurora Corp. objects to Request for Production No. 18 on the basis that it is vague, overbroad, unduly burdensone and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, without waiving the foregoing objections, Aurora Corp. states that it will supplement its Response to Request for Production No. 18 if and when internal memoranda, correspondence, studies, tests, reports or other documentation or any nature, including computer entries, regarding injuries or property damage associated fingers,

hands, body parts, or other items entering the paper inlet opening and reaching the shredder blades or other moving parts associated with the relating to the Aurora AS1200X are discovered which are responsive to this Request for Production.

Aurora Corp. (and AOE) has produced all documents in its possession which are responsive to these Requests while preserving its objections.

### REQUEST FOR PRODUCTION OF DOCUMENT NO. 5:

Produce all documents evidencing any communication, correspondence, telephone calls, meeting or any other dealings between Aurora and any other entity involved in the production of the Aurora AS1200X or any Aurora shredders sold for home or home office use or having a shredding capacity of 20 pages or less, relating to any of the claims or matters asserted in this case.

### OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Aurora Corp. objects to Request for Production No. 5 on the basis that it is vague, overbroad, unduly burdensome, confusing and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Aurora Corp. also objects to Request for Production No. 5 on the grounds that it seeks information protected by the attorney/work product, investigation privileges and the attorney/client privilege.

The only documents which may exist and are responsive to this Request are communications between Aurora Corp. and AOE made at the request of undersigned counsel for documents and to arrange for the deposition of AOE's corporate representative to take place in the United States. This was done through Aurora Corp. out of necessity as undersigned counsel does not speak Chinese. Thus, they are clearly protected communications.

### REQUEST FOR PRODUCTION OF DOCUMENT NO. 14:

Produce copies of all tests performed from 1980 to present, continuing until the close of this suit, by or for you or to which you have had access, wherein the purpose of the test included, in whole or in part, to determine the technical, economic, or practical feasibility or utility of any type of guarding device, retrofit, or other design feature or mechanism which would reinforce the paper inlet opening or otherwise prevent entry of small fingers or objects into the paper inlet opening of the Aurora AS1200X or any Aurora shredder sold for  home or home office use or having a shredding capacity of 20 pages or less.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO.14:**

Aurora Corp. objects to Request for Production No. 14 on the basis that it is vague, overbroad, unduly burdensome and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, without waiving the foregoing objections, Aurora Corp. states that it will supplement its Response to Request for Production No. 14 if and when documents are discovered reflecting tests performed on the AS1200X which are responsive to this Request for Production.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO.14:**

Aurora Corp. objects to Request for Production No. 14 on the basis that it is vague, overbroad, unduly burdensome and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, without waiving the foregoing objections, please see Response to Requests for Production of Documents of Aurora Office Equipment Company, Ltd.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 15**

Produce all photographs, films, videotapes, or other visual representations of any testing conducted on the relating to the Aurora AS1200X or any Aurora shredder sold for home or home office use or having a shredding capacity of 20 pages or less.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Aurora Corp. objects to Request for Production No. 15 on the basis that it is vague, overbroad, unduly burdensone and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, without waiving the foregoing objections, Aurora Corp. states that it will supplement its Response to Request for Production No. 15 if and when any photographs, films, videotapes, or other visual representations of any testing conducted on the AS1200X are discovered which are responsive to this Request for Production.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Aurora Corp. objects to Request for Production No. 15 on the basis that it is vague, overbroad, unduly burdensome and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, without waiving the foregoing objections, please see Response to Requests for Production of Documents of Aurora Office Equipment Company, Ltd.

Request for Production No. 14 asks for copies of all tests performed on all Aurora shredders (hundreds of models) in the last thirty years. Request for Production No. 15 asks for "photographs,

films, videotapes, or other visual representations" of testing performed on all Aurora shredders

(hundreds of models) with no time limitation.  These Requests are clearly overbroad and unduly

burdensome.  Nonetheless, Aurora Corp. supplemented its Responses to Plaintiffs 1st Request for

Production a second time on October 8, 2009.  Included in this supplemental response were

documents Bates labeled Aurora Office Equipment 0001 through 0086.  These documents were

identified by category and include AOE's testing procedures.

### REQUEST FOR PRODUCTION OF DOCUMENT NO. 24:

All documents referring or relating to any communication within or among any of the entities involved in the production of the Aurora AS1200X or any Aurora shredder sold for home or home office use or having a shredding capacity of 20 pages or less concerning any communication from  the Consumer Product Safety Commission relating to the Aurora AS1200X or any Aurora shredder sold for home or home office use or having a shredding capacity of 20 pages or less.

### OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Aurora Corp. objects to Request for Production No. 24 on the basis that it is vague, overbroad, unduly burdensone and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, without waiving the foregoing objections, Aurora Corp. states that it will supplement its Response to Interrogatory No. 24 if and when any documents are discovered referring or relating to correspondence between Aurora Corp. and the United States Consumer Product Safety Commission relating to the AS1200X which are responsive to this Request.

### REQUEST FOR PRODUCTION OF DOCUMENT NO.33:

All documents relating to or evidencing when Aurora first learned of the Consumer Product Safety Commission's investigation or study of finger injures associated with paper shredders which culminated in the June 2004 draft Consumer Product Safety Commission report and the final report, including all documents or things provided to the Consumer Product Safety Commission behalf of or by Aurora in connection with the same, all data bases or organized files in any fashion of Aurora reflecting injuries to consumers for paper shredders, any files maintained by any Aurora employee, consultant, accountant, or attorney relating to injuries to consumers arising out of or claims to arise out of use of a Aurora paper shredder, all communications between Aurora or any other entity and any injured party or parent of the children injured by any Aurora brand shredder.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Aurora Corp. objects to Request for Production No. 33 on the basis that it is vague, overbroad, unduly burdensome, confusing and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, without waiving the forgoing objections, *see* Objection and Response to Request for Production No. 24.

All communications between Aurora Corp. and the CPSC which are in Aurora Corp.'s possession were produced with its supplemental document productions of November 13, 2008 and October 8, 2009.

**C.      Plaintiffs Are Not Entitled to Any Sanctions**

It is ridiculous for Plaintiffs to suggest that Aurora Corp. has "not cooperated in the discovery process." As set forth above, Aurora Corp. has produced responsive documents and supplemented their production on several occasions when additional responsive documents were discovered. Aurora Corp. even produced AOE documents in an effort to provide Plaintiffs with the complete universe of documents prior to corporate depositions. Aurora Corp. and AOE have no more relevant documents to produce, and have advised Plaintiffs that they have no more relevant documents to produce. What is more, Aurora Corp. and AOE have arranged for AOE's corporate representative to come from China to the United States to deposed on March 24, 2010. In addition, Aurora Corp.'s President is scheduled to be deposed on March 23, 2010. Plaintiffs have already taken Aurora Corp.'s corporate deposition on October 14, 2009. Despite these efforts to make discovery involving a foreign corporation easier on Plaintiffs, Plaintiffs insist that Aurora Corp. has been uncooperative. This is simply not the case.

**D.      Plaintiffs are Not Entitled to Expenses, Costs or Fees**

In addition to sanctions, Plaintiffs seek their reasonable expenses pursuant to Fed. R. Civ.

P. 37(b)(2)(C).   Given the particular circumstances of this situation, expenses are not warranted. Plaintiffs have not suffered any prejudice or even any delay in obtaining responsive documents as those documents have already been produced.  In fact, they were produced before Plaintiffs served their Second Request for Production.  In this instance, there is "substantial justification" for the alleged "failure" to produce additional documents–there are none.  Accordingly, any award of expenses would be unjust.  Fed. R. Civ. P. 37(b)(2)(C).

## CONCLUSION

Aurora Corp. has responded to Plaintiffs' discovery requests and have provided all of the relevant and responsive documents in their possession.  Aurora Corp. has been and continues to be cooperative.  For all of the foregoing reasons, Aurora Corporation of America respectfully requests that Plaintiffs Motion to Compel be denied.

Respectfully submitted,

ERNEST P. GIEGER, JR., TA (La. Bar No. 6154)
JOHN E.W. BAAY II (La. Bar No. 22928)
MARGARET L. SUNKEL (La. Bar No. 25888)
DANIEL G. RAUH (La. Bar No. 27280)
EMILY E. EAGAN (La. Bar No. 29166)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
*ATTORNEYS FOR AURORA CORPORATION OF AMERICA and AURORA OFFICE EQUIPMENT, LTD. SHANGHAI*

18

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon:

> Kenneth H. Hooks, III, Esq.
> Catherine L. Plauche, Esq.
> Dodson, Hooks & Frederick, APLC
> One Maritime Centre
> 17405 Perkins Road
> Baton Rouge, Louisiana 70810

> Michael P. Atkinson, Esq.
> Gabe Lawson, Esq.
> Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, PC
> 1500 Park Centre
> 525 South Main
> Tulsa, Oklahoma 74103

by depositing same in the United States mail, postage prepaid and properly addressed this 1st day

of March, 2010.

_____
MARGARET L. SUNKEL

19