UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JAMES FROELICH, M.D., ET AL.
                                                  CIVIL ACTION

VERSUS

                                                  NUMBER 08-02-JJB-SCR

AURORA CORPORATION OF AMERICA,
ET AL.


**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is Plaintiffs' Motion to Compel Discovery of Defendant Aurora Corporation. Record document number 41. The motion is opposed.[1]

Plaintiffs James Froelich, M.D. and Allison Froelich, individually and on behalf of their son James "Andy" Froelich, Jr., filed this products liability action against defendants Aurora Corporation of America (hereafter, "Aurora") and Aurora Office Equipment Co., Ltd., Shanghai (hereafter, "AOE") seeking damages resulting from an accident in which Andy's fingers were caught in the crosscut blades of a home office paper shredder, an Aurora AS1200X. Plaintiffs alleged that the AS1200X was defectively designed because inadequate guarding around the paper inlet opening, coupled with the pull force of the motor, allowed Andy's fingers to be pulled into the shredder. Plaintiffs asserted that the defendants failed to provide an adequate warning of the possibility that a child's fingers could be pulled into the

---

[1] Record document number 44.

shredder.  Plaintiffs also alleged that the defendants breached a warranty of merchantability which provides that the paper shredder is fit for ordinary purposes.

Plaintiffs filed this motion to compel defendant Aurora to respond to multiple interrogatories and requests for production contained in their first set of discovery requests sent on April 25, 2008.  Defendant Aurora responded on July 15, 2008.  Plaintiffs contend that Aurora's answers deficient.  From September 2008 to October 2009, the plaintiffs corresponded with Aurora on multiple occasions in an effort to obtain complete responses.  During that time, Aurora submitted two sets of supplemental answers to the plaintiffs' discovery requests.  Plaintiffs asserted that the responses are still deficient despite the supplementation.  The court will address the plaintiffs' discovery issues in the order in which they were presented.

Request for Production Nos. 6, 23, and 25 sought documents reflecting business relationships between Aurora and any entity involved in the production, manufacture, design, distribution, or sale of the AS1200X.  These requests as written are overbroad and seek information that is irrelevant.  For example, Request for Production of Documents No. 6 seeks: "All documents relating to any business relationship, contract or affiliation between you and any other entity involved in the production of the Aurora AS1200X relating to sale, manufacture, distribution, or design of the

Aurora AS1200X paper shredder."[2]  The request, as written and as the words would be commonly understood, requires production of even the most trivial correspondence or other communication between Aurora and almost any business with which it interacts.  A complete response would include, for example, purchase orders for paint, electrical cords and packaging materials - none of which would be relevant evidence in this case or have a reasonable likelihood of leading to relevant evidence.

Plaintiffs' claims are based on a defect in the design of the AS1200X, failure to warn, and a breach of warranty.  Plaintiffs have not shown that documents regarding other categories of documents, such as contracts with paint suppliers, are relevant to the issues presented in this case.  Assuming that the entity which designed and manufactured the AS1200X was AOE, the record indicates that Aurora has provided the responsive documentation regarding the AS1200X.  If Aurora has any additional responsive documentation, i.e. documents from other entities, if any, involved in the design and manufacture of the AS1200X, it has an on-going obligation under Rule 26(e), Fed.R.Civ.P., to supplement its discovery responses.

Request for Production Nos. 7 and 29 sought documents relative to the design, development, manufacture, supply, and distribution

---

[2] It is not clear whether the plaintiffs contend that there is a meaningful difference in this case between "production" and "manufacture" of the AS1200X.  The court will consider them to be the same in this case and will use the term "manufacture."

of the AS1200X.  Request for Production of Documents No. 7 seeks: "All documents relating to any plans, decisions or activities to develop, design, manufacture, supply, distribute, or facilitate development, design, manufacturing, distribution, or supply of, the Aurora1200X paper shredder."[3]  Aurora asserted that it produced all documents responsive to Request No. 7.  For the same reasons stated above, Request No. 7 is overbroad and seeks irrelevant information.  Aurora is only required to produce documents relating to the design and manufacture of the AS1200X.

With respect to Request No. 29, Aurora claimed that all responsive documents were provided in its supplemental response which included documents Bates labeled 0001 through 0086.  Aurora asserted that these document were identified by category.  Neither party produced a copy of these documents and the plaintiffs did not dispute that the documents are Bates numbered and organized by category.  Given the limited amount of documents produced in the supplemental response and the fact that the documents are organized by category, the plaintiffs should be able to find the responsive documents for each request with little trouble.  Thus, it is unnecessary for Aurora to identify specific document responsive to each request.

---

[3] Again, it is unclear whether the plaintiffs contend that there is a meaningful difference between the multiple categories of documents sought, e.g. between "plans ... to develop" and "plans ... to facilitate development."

Request for Production Nos. 10, 16, and 20 sought documents relating to any and all testing or other evaluations performed on the AS12000X or its various components.  As discussed above, Aurora's general reference to AOE's documents Bates labeled 0001 through 0086 is sufficient.

As to Interrogatory No. 3, and Request No. 19 the plaintiffs argued that the Aurora failed to produce specific information concerning lawsuits involving any Aurora shredder sold for home or home office use or having a shredding capacity of 20 pages or less. Aurora agreed to produce evidence it had in its possession regarding other lawsuits and supplemented its answer accordingly. Aurora also asserted that additional information was obtained regarding lawsuits involving other models at the corporate deposition.

The better course is for Aurora to make a complete answer to Interrogatory No. 3.  Thus, Aurora shall supplement its answer to Interrogatory No. 3 with a complete answer.  See Rule 26(e)(1)(B), Fed.R.Civ.P.

Aurora also claimed that it had produced all documents in its possession responsive to Request No. 19.  A review of Aurora's supplemental response shows that it provided sufficient documentation regarding other lawsuits for the plaintiffs to find any additional documents in the public records.  In these circumstances, Aurora is not required to provide documents that are

5

not in its possession.

Interrogatory No. 5 requested Aurora to state information concerning any dangers, hazards, defects with the AS1200X or similar shredders.[4]  Interrogatory No. 7 sought information concerning communications of the potential dangers of Aurora home office shredders and accident prevention.  Plaintiffs argued that information concerning other paper shredders is relevant to the issue of whether Aurora knew or should have known of the potential child injury risk posed by the AS1200X.

Evidence pertaining to other incidents offered to show a defect in the product must meet a substantially similar standard.[5] "Evidence of similar accidents occurring under substantially similar circumstances involving substantially similar components may be probative of design defect."[6]  Thus, a party needs only to demonstrate that the circumstances surrounding the other accidents are similar enough that information concerning those incidents is relevant to the circumstances of the instant case.[7]  A party who

---

[4] Plaintiffs requested information concerning any other model Aurora-brand shredder advertised or intended for home use, or with a shredding capacity of less than 20 sheets.

[5] *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993).

[6] *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082 (5th Cir. 1986).

[7] *State Farm Fire and Cas. Co. v. Black & Decker, Inc.*, 2003 WL 103016 4 (E.D.La. Jan. 9, 2003)

wishes to obtain discovery regarding incidents involving different models of a product should demonstrate that the other models share the same accident-causing characteristics pertinent to the legal issues raised in the litigation.[8]  Information concerning other models is not relevant when the pertinent characteristics of the other models are not the same as those of the product at issue in the case.[9]

Plaintiffs claimed that five other children were injured by similar Aurora-brand paper shredders prior to Andy's injury in 2007.  Plaintiffs asserted that four children were injured by model AS1000X and one child was injured by model AS1010X.  Plaintiff also asserted that the other shredders seem to suffer from the same or similar defect, specifically that the pull of the crosscut blades can generate enough force to swiftly draw a child's hand into the paper inlet opening, forcing it open, and allow the small fingers to reach the blades below.

Plaintiffs have demonstrated a substantial similarity exists between the accident at issue in this case and the accidents with the AS1000X and AS1010X models.  Consequently, information concerning the AS1000X and AS1010X models is relevant and discoverable.  Because the plaintiffs have not shown that any other paper shredder models have been involved in substantially similar

---

[8] *Id.*

[9] *Id.*

accidents, there is no basis to require Aurora to produce information concerning any shredders other than the AS1200X, AS1000X, and AS1010X models.

Aurora argued that it provided responsive information concerning the AS1010X and AS1000X models in its November 13, 2008 supplemental responses. In its opposition memorandum Aurora noted that additional responsive information was provided at the corporate deposition. A review of the November 13th responses shows that Aurora did not provide any supplemental responses specific to Interrogatory Nos. 5 and 7. Again, the better course is for Aurora to supplement its answers to provide complete responses to Interrogatory Nos. 5 and 7.

In response to Request for Production Nos. 17 and 18, Aurora relied on the response to the documents produced by AOE. Aurora's general reference to the AOE documents is sufficient. Plaintiffs argued that Aurora did not respond with information concerning other shredder models. As discussed above only the AS1000X and the AS1010X models are similarly situated for the purposes of this case.

Request for Production No. 5 sought documents evidencing communications between Aurora and other entities relating to the claims or matters asserted in this case. Aurora asserted that the only documents responsive to this request are protected by work-product or attorney-client privilege. Aurora argued that it only

communicated with AOE to serve as an English translator so its counsel could obtain documents for this case and arrange for AOE's corporate deposition.  Based on this information, Aurora has shown that the responsive documents are privileged.

Request for Production Nos. 14, 15, 24, and 33 sought relevant documents concerning testing of the Aurora-brand shredders.  Aurora argued that all responsive documents were produced in its two supplemental responses, including reference to AOE documents Bates numbered 0001 through 0086.  It is unclear whether Aurora's response includes documents relevant to the AS1000X and the AS1010X models.  If not, Aurora is required to supplement its production to include documents relevant to the AS1000X and AS1010X models.

Under Rule 37(a)(5)(C), if a motion to compel discovery is granted in part and denied in part, the court shall apportion the costs necessitated by the motion between the parties.  While Aurora will have to supplement some of its responses, a majority of the plaintiffs' discovery requests were vague and overbroad and required considerable limitation.  Thus, the court finds that the parties should bear their own costs.

Accordingly, Plaintiffs' Motion to Compel Discovery of Defendant Aurora Corporation is granted in part and denied in part. Within 14 days Aurora shall supplement its response as required

above.[10]  In all other respects, the plaintiffs' motion is denied. Pursuant to Rule 37(a)(5)(C), the parties shall bear their respective costs incurred in connection with this motion.

Baton Rouge, Louisiana, April 23, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[10] Generally discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts.  See, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D.Miss. 1990).