UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JAMES FROELICH, M.D., ET AL.

CIVIL ACTION

VERSUS

NUMBER 08-02-JJB-SCR

AURORA CORPORATION OF AMERICA,
ET AL.

**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is Plaintiffs' Motion to Compel Discovery of Defendant Aurora Office Equipment. Record document number 42. The motion is opposed.[1]

Plaintiffs James Froelich, M.D. and Allison Froelich, individually and on behalf of their son James "Andy" Froelich, Jr., filed this products liability action against defendants Aurora Corporation of America (hereafter, "Aurora") and Aurora Office Equipment Co., Ltd., Shanghai (hereafter, "AOE") seeking damages resulting from an accident in which Andy's fingers were caught in the crosscut blades of a home office paper shredder, an Aurora AS1200X. Plaintiffs alleged that the AS1200X was defectively designed because inadequate guarding around the paper inlet opening, coupled with the pull force of the motor, allowed Andy's fingers to be pulled into the shredder. Plaintiffs asserted that the defendants failed to provide an adequate warning of the possibility that a child's fingers could be pulled into the

---

[1] Record document number 45.

shredder.  Plaintiffs also alleged that the defendants breached a warranty of merchantability which provides that the paper shredder is fit for ordinary purposes.

Plaintiffs filed this motion to compel defendant AOE to respond to multiple interrogatories and requests for production contained in their first set of discovery requests sent on September 11, 2009.  Defendant AOE responded to these requests on December 17, 2009.  Plaintiffs contend that AOE's answers are deficient.  On January 19, 2010, the plaintiffs requested supplementation of AOE's responses.  Plaintiffs asserted that the AOE failed to address these deficiencies, which prompted them to file this motion to compel.  The court will address the plaintiffs' discovery issues in the order in which they were presented.

Interrogatory Nos. 4 and 8 and Request for Production Nos. 10, 16, 20 sought information concerning testing, inspections, or other evaluation of the AS1200X shredder.  Plaintiffs argued that in its responses to Interrogatory Nos. 4 and 8 AOE failed to identify the various retailers who have performed testing.  Plaintiffs also argued that AOE did not provide the specific details requested in Interrogatory No. 8.  Defendant AOE asserted that it is not in possession of any information related to independent testing done by the various retailers which were generally referred to in its response, and stated that it provided all of the available information regarding its testing and produced its testing

2

protocol.   Because AOE does not have any additional responsive information with respect to these interrogatories, supplementation is not required.

Plaintiffs argued that in response to their Request for Production Nos. 10, 16, and 20, AOE generally referred to 86 documents, only three of which were in English.   Plaintiffs argued that AOE should be required to supplement these responses with an English translation.   Plaintiffs cite no binding authority which requires discovery responses from a defendant corporation in another country, which consist of documents kept in the regular course of business, to be translated into English.   Plaintiffs' request for an English language translation of these responses is legally unsupported.

Plaintiffs' Request for Production Nos. 6, 23, and 28 sought documentation of business relationships AOE may have had with any entity involved in the production, manufacture, design, distribution, or sale of the AS1200X.   These requests as written are vague and overbroad and thus seek irrelevant information.   For example, Request for Production of Documents No. 6 seeks: "All documents relating to any business relationship, contract or affiliation between you and any other entity involved in the production of the Aurora AS1200X relating to sale, manufacture,

distribution, or design of the Aurora AS1200X paper shredder."[2] The request, as written and as the words would be commonly understood, requires production of even the most trivial correspondence or other communication between AOE and almost any business with which it interacts. A complete response would include, for example, purchase orders for paint, electrical cords and packaging materials - none of which would be relevant evidence in this case or have a reasonable likelihood of leading to relevant evidence.

Plaintiffs' claims are based on a defect in the design of the AS1200X, failure to warn, and a breach of warranty. Plaintiffs have not shown that documents regarding other categories of documents, such as contracts with paint suppliers, are relevant to the issues presented in this case. Assuming that the entity which designed and manufactured the AS1200X was AOE, the record indicates that AOE has provided the responsive documentation regarding the AS1200X. If AOE has any additional responsive documentation, i.e. documents from other entities, if any, involved in the design and manufacture of the AS1200X, it has an on-going obligation under Rule 26(e), Fed.R.Civ.P., to supplement its discovery responses.

---

[2] It is not clear whether the plaintiffs contend that there is a meaningful difference in this case between "production" and "manufacture" of the AS1200X. The court will consider them to be the same in this case and will use the term "manufacture."

Plaintiffs sought additional documentation relative to design, development, engineering, manufacture, supply or distribution of the AS1200X in Request for Production Nos. 7, 26, and 29.  Like the requests discussed above, these requests are overbroad and vague. For example, Request for Production of Documents No. 7 seeks: "All documents relating to any plans, decisions or activities to develop, design, manufacture, supply, distribute, or facilitate development, design, manufacturing, distribution, or supply of, the Aurora1200X paper shredder."[3]  In response to these requests, AOE is only required to produce documents related to the design and manufacture of the AS1200X.   The record indicates that the responsive documents have been produce as Bates numbers 0001 through 00086.  Plaintiffs assertion that defendant AOE failed to provide any response to Request for Production No. 26 is without merit.  Defendant AOE explained that it incorrectly identified its response to No. 26 as Objection and Response to Request for Production No. 25.

Request for Production Nos. 21 and 25 are overbroad and irrelevant because they seek documents that are related to the distribution of the AS1200X.  No supplemental response is required from AOE.

-------

[3] Again, it is unclear whether the plaintiffs contend that there is a meaningful difference between the multiple categories of documents sought, e.g. between "plans ... to develop" and "plans ... to facilitate development."

Request for Production No. 27 sought copies of "all emails or other communications between [AOE] and any manufacturer concerning the Aurora AS1200X paper shredder." This request is vague because it does not specify what manufacturers it is referring to. Plaintiffs to not contend that the AS1200X was actually manufactured by any entity other than AOE. Consequently, this requests essentially asks for communication between AOE and itself. Nonetheless, defendant AOE interpreted the request as asking for communications between AOE and other manufacturers of home office shredders concerning the AS1200X, and responded that there are no responsive documents. Plaintiffs have not shown how this response is deficient.

Interrogatory Nos. 6, 7, and 11 and Request for Production Nos. 11, 17, 18, 31, 32, and 33 sought information regarding AOE's knowledge of and/or communications regarding the potential defects, risks, or accidents associated with its shredders, not limited to the AS1200X.

Evidence pertaining to other incidents offered to show a defect in the product must meet a substantially similar standard.[4] "Evidence of similar accidents occurring under substantially similar circumstances involving substantially similar components

---

[4] *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993).

may be probative of design defect."[5]  Thus, a party needs only to demonstrate that the circumstances surrounding the other accidents are similar enough that information concerning those incidents is relevant to the circumstances of the instant case.[6]  A party who wishes to obtain discovery regarding incidents involving different models of a product should demonstrate that the other models share the same accident-causing characteristics pertinent to the legal issues raised in the litigation.[7]  Information concerning other models is not relevant when the pertinent characteristics of the other models are not the same as those of the product at issue in the case.[8]

Plaintiffs claimed that five other children were injured by similar Aurora-brand paper shredders prior to Andy's injury in 2007.  Plaintiffs asserted that four children were injured by model AS1000X and one child was injured by model AS1010X.  Plaintiff also asserted that the other shredders seem to suffer from the same or similar defect, specifically that the pull of the crosscut blades can generate enough force to swiftly draw a child's hand into the paper inlet opening, forcing it open, and allow the small fingers

---

[5] *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082 (5th Cir. 1986).

[6] *State Farm Fire and Cas. Co. v. Black & Decker, Inc.*, 2003 WL 103016 4 (E.D.La. Jan. 9, 2003).

[7] *Id.*

[8] *Id.*

to reach the blades below.

Plaintiffs have demonstrated a substantial similarity exists between the accident at issue in this case and the accidents with the AS1000X and AS1010X models.  Consequently, information concerning the AS1000X and AS1010X models is relevant and discoverable.  Because the plaintiffs have not shown that any other paper shredder models have been involved in substantially similar accidents, there is no basis to require Aurora to produce information concerning any shredders other than the AS1200X, AS1000X, and AS1010X models.

To refute any deficiencies with Interrogatory Nos. 6, 7, and 11 and Request for Production Nos. 11, 17, 18, 31, 32, and 33, AOE argued that the defendants have produced all the information in their possession relating to this and other lawsuits concerning injury to children's fingers.  These discovery requests are not limited to lawsuits.[9]  Because defendant AOE did not address the specific facts sought in each of these discovery requests, AOE shall review its responses and provide any additional information and documentation it may have, with respect to the AS1200X, AS1000X and AS1010 models, which is responsive to Interrogatory Nos. 6, 7,

---

[9] For example, Interrogatory No. 6 sought the date of any incident known to AOE which involved injuries to children's fingers caused by the shredder blades, and how AOE acquired such knowledge. Interrogatory No. 11 asked whether AOE "received any complaints, concerns or suggestions from consumers regarding the safety of Aurora shredders sold for home or office use."

and 11 and Request for Production Nos. 11, 17, 18, 31, 32, and 33.

Request for Production No. 5 sought documents evidencing communications between Aurora and other entities relating to the claims or matters asserted in this case. Aurora asserted that the only documents responsive to this request are protected by work-product or attorney-client privilege. Aurora argued that it only communicated with AOE to serve as an English translator so its counsel could obtain documents for this case and arrange for AOE's corporate deposition. Based on this information, Aurora has shown that the responsive documents are privileged.

Interrogatory No. 13 and Request for Production Nos. 14 sought information concerning the testing of the AS1200X and similar shredder models.[10]  The record indicates that AOE only provided responsive information for the AS1200X.[11]  As explained above, this information concerning the AS1000X and AS1010X models is relevant. Thus, AOE is required to supplement its production to include documents relevant to the AS1000X and AS1010X models.

In Request for Production No. 1, the plaintiffs sought all documents and materials identified, used, or referred to in answering the interrogatories. Defendant's response shows that it

_____

[10] Plaintiffs also cited Request for Production No. 15 in its supporting memorandum, but did not specify a problem with AOE's response. Thus, the court will not address this discovery request.

[11] In its opposition memorandum, AOE discussed its response to Interrogatory No. 14 rather than its response to Request for Production No. 14.

produced all such documents.  However, defendant AOE shall provide any additional documents that may become responsive after it reviews and supplements its responses as required above.

Under Rule 37(a)(5)(C), if a motion to compel discovery is granted in part and denied in part, the court shall apportion the costs necessitated by the motion between the parties.  While AOE is required to produce additional discovery, a majority of the plaintiffs' discovery requests were vague and overbroad and required considerable limitation.  Thus, the court finds that the parties should bear their own costs.

Accordingly, Plaintiffs' Motion to Compel Discovery of Defendant Aurora Office Equipment is granted in part and denied in part.  Within 14 days AOE shall supplement its responses to the plaintiffs' discovery request as discussed above.[12]  In all other respects, the plaintiffs' motion is denied.  Pursuant to Rule 37(a)(5)(C), the parties shall bear their respective costs incurred in connection with this motion.

Baton Rouge, Louisiana, April 23, 2010.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[12] Generally discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts.  *See*, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D.Miss. 1990).