UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JAMES FROELICH, M.D., ET AL.

VERSUS

AURORA CORPORATION OF AMERICA,
ET AL.

CIVIL ACTION

NUMBER 08-02-JJB-SCR


**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is Plaintiffs' Motion to Compel Defendants to Respond to the Second Request for Production of Documents. Record document number 43. The motion is opposed.[1]

Plaintiffs James Froelich, M.D. and Allison Froelich, individually and on behalf of their son James "Andy" Froelich, Jr., filed this products liability action against defendants Aurora Corporation of America (hereafter, "Aurora") and Aurora Office Equipment Co., Ltd., Shanghai (hereafter, "AOE") seeking damages resulting from an accident in which Andy's fingers were caught in the crosscut blades of a home office paper shredder, an Aurora AS1200X. Plaintiffs alleged that the AS1200X was defectively designed because inadequate guarding around the paper inlet opening, coupled with the pull force of the motor, allowed Andy's fingers to be pulled into the shredder. Plaintiffs asserted that the defendants failed to provide an adequate warning of the

---

[1] Record document number 46. Plaintiffs filed a reply memorandum. Record document number 50.

possibility that a child's fingers could be pulled into the shredder. Plaintiffs also alleged that the defendants breached a warranty of merchantability which provides that the paper shredder is fit for ordinary purposes.

Plaintiffs sent their Second Request for Production of Documents to the defendants on October 1, 2009. When the defendants did not respond to their discovery requests, the plaintiffs sent correspondence on November 17, 2009 and January 20, 2010 in an attempt to obtain the responses and/or schedule a discovery conference. After these efforts were unsuccessful, the plaintiffs filed this motion to compel on February 11, 2010.

Defendants ultimately served their responses one day after the plaintiffs filed their motion to compel. Defendants argued that the plaintiffs' motion should be denied as moot. Defendants also argued that the plaintiffs' discovery request were overly burdensome and repetitive.

A review of the Plaintiffs' Second Request for Production of Documents shows they are more specific requests for the information already requested the plaintiffs' first set of document requests. In their first set of discovery requests the plaintiffs sought all documents relating to the design of the shredder, the safety of the shredder, and accidents resulting from use of the shredder. Other than being more specific, there is no substantive distinction between the information sought in the second requests and that

sought in the first.  Defendants also noted that they do not have any additional responsive documents in their possession which has not already been produced.  Therefore, the defendants' responses to the Plaintiffs' Second Request for Production of Documents do not need be supplemented.

Plaintiffs argued that the defendants failed to produce responsive information regarding other Aurora-brand shredders similar to the AS1200X.  As discussed in the previous rulings, the plaintiffs' requests for information regarding any shredder having a shredding capacity of 20 pages or less should be limited.[2]  Plaintiffs are only entitled to information concerning Aurora AS1200X, AS1000X, and AS1010X shredder models.  These rulings required the defendants to also produce responsive information relating to the AS1000X and AS1010X models.

Under Rule 37(a)(5)(B), if a motion to compel discovery is denied, the court shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them pay to the opposing party's reasonable expenses incurred in opposing the motion, unless the court finds that the motion was substantially justified, or that other circumstances make an award of expenses unjust.

Although the plaintiffs' motion is being denied based on the duplicative nature of their requests for production, the defendants

---

[2] Record document numbers 59 and 60.

3

failed to communicate their issues with these requests and made no effort to supply any response until after the motion was filed. Based on this conduct, the court finds that the plaintiffs were substantially justified in filing their motion, and the defendants should not be awarded any costs.

Accordingly, Plaintiffs' Motion to Compel Defendants to Respond to the Second Request for Production of Documents is denied. Pursuant to Rule 37(a)(5)(B), the parties shall bear their respective costs incurred in connection with this motion.

Baton Rouge, Louisiana, April 23, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE